1

2

3

4

5

6

7

8

9

10

11

*E-FILED - 7/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYNE PARKS,                          )          No. C 04-2206 RMW (PR)
                                      )
            Plaintiff,                )          ORDER OF DISMISSAL
                                      )
    vs.                               )
                                      )
A.A. LAMARQUE, et al.,                )
                                      )
                                      )
            Defendants.               )
                                      )

        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to
42 U.S.C. § 1983.  The court dismissed the complaint for failure to state a cognizable
claim for relief, and granted plaintiff leave to amend.  Plaintiff filed an amended
complaint against California officials in Sacramento, at Salinas Valley State Prison
("SVSP") and the California Correctional Institute ("CCI"), two prisons where plaintiff
was formerly housed.[1]  The court finds the amended complaint fails to cure the
deficiencies in the original complaint and does not state a cognizable claim for relief
under 42 U.S.C. § 1983.  Accordingly, the court will DISMISS the amended complaint.

---

[1]Since filing the amended complaint on November 1, 2005, plaintiff has not filed
anything further matters in this case, with the exception of notices of address changes.

Order of Dismissal
P:\pro-se\sj.rmw\cr.04\Parks206dis.wpd                    1

1

**DISCUSSION**

2  A.    Standard of Review

3       Federal courts must engage in a preliminary screening of cases in which prisoners

4  seek redress from a governmental entity or officer or employee of a governmental entity.

5  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

6  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief

7  may be granted, or seek monetary relief from a defendant who is immune from such

8  relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v.

9  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42

10  U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law

11  committed a violation of a right secured by the Constitution or laws of the United States.

12  West v. Atkins, 487 U.S. 42, 48 (1988).

13       Liability may be imposed on an individual defendant under section 1983 if the

14  plaintiff can show that the defendant proximately caused the deprivation of a federally

15  protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of

16  Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a

17  constitutional right within the meaning of section 1983 if he does an affirmative act,

18  participates in another's affirmative act or omits to perform an act which he is legally

19  required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844

20  F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).  To state a claim a

21  plaintiff must show a specific constitutional or federal guarantee safeguarding the

22  interests that have been invaded.  See Paul v. Davis, 424 U.S. 693, 697 (1976).

23  B.    Plaintiff's Claims

24       The court found the original complaint deficient for several reasons.  To being

25  with, plaintiff made allegations of constitutional violations by numerous individual

26  defendants without alleging how each defendant proximately caused such violations.  See

27  Leer, 844 F.2d at 634.  In particular, plaintiff did not explain when the alleged violations

28  occurred, how the defendants were involved, or what actions the individual defendants

1   took that led to the alleged violations.  Second, plaintiff claimed that he was denied

2   access to the courts, but he failed to allege any actual injury.[2]  See Lewis v. Casey, 518

3   U.S. 343, 350-55 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Finally,

4   the court found that the complaint was too generalized and lacking in detail to meet the

5   requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short

6   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

7   Civ. P. 8(a).

8        The amended complaint does not cure the foregoing deficiencies.  The bulk of the

9   amended complaint consists of a long discussion of the American with Disabilities Act

10   ("ADA") and related court decisions.  This discussion refers to prison conditions in

11   Michigan and Indiana, but not to any conditions faced by plaintiff or any conduct by the

12   defendants.  (Amended Complaint at III-5 - III-20.)  Earlier in the amended complaint,

13   plaintiff does refer to three medical needs for accommodation by prison officials that

14   appear to be the basis for both his ADA claim and an Eighth Amendment claim: (1) a

15   need for orthopedic shoes and wheelchair pads, (2) a need for a typewriter because of

16   numbness in his extremities; and (3) a need for unspecified assistance for his "trouble

17   with speech" and dementia.  (Id. at III-3-4.)

18        With respect to plaintiff's need for orthopedic shoes and wheelchair pads, the only

19   defendant plaintiff alleges was involved is Dr. Bowman at SVSP.  (Id. at III-3.)  Plaintiff

20   alleges that he had requested and received the shoes and pads Corcoran State Prison in

21   2003, prior to his arrival at SVSP.  (Id.)  Plaintiff's only allegation against Dr. Bowman is

22   that plaintiff met with him upon arriving at SVSP, and that at the time Dr. Bowman did

23   not yet know about the shoes. (Id.)  Plaintiff does not allege, however, that Dr. Bowman

24   or anyone else denied his requests for the shoes and pads, or indeed that he did not

25   receive such items at SVSP.  (Id.)  As such, plaintiff has not alleged that Dr. Bowman or

26   any other defendant proximately caused plaintiff to be deprived of his rights under the

27

28        [2]Indeed, his allegations appeared to indicate he had not suffered injury insofar as his
cases were still proceeding in the courts.

Order of Dismissal
P:\pro-se\sj.rmw\cr.04\Parks206dis.wpd          3

1   ADA or the Eighth Amendment in connection with his needs for orthopedic shoes or

2   wheelchair pads.  With respect to the typewriter and assistance with his speech and

3   dementia, plaintiff makes no allegations that any of the defendants were involved in the

4   denial of these accommodations, nor does he allege when or where these accommodations

5   were requested or denied.[3]  (Id. at III-4.)  In sum, plaintiff has failed to cure the deficiency

6   in the original complaint insofar as he has not alleged facts from which it can be inferred

7   that any of the named defendants proximately caused the violation of his rights under the

8   ADA or Eighth Amendment.

9         Plaintiff also includes a claim for the violation of his right of access to the courts.

10   As in the original complaint, plaintiff alleges that his legal materials were confiscated, but

11   he does not allege the involvement of any of the named defendants in the confiscation.

12   The only allegation against any defendant or other prison official regarding the alleged

13   denial of access to the courts is that defendant Sergeant Burke "was supposed to contact

14   R&R to file and legal matters into the United States District Court, Northern District of

15   California for Petition for Writ of Habeas Corpus."  (Id. at III-3.)  To establish a claim for

16   any violation of the right of access to the courts, the prisoner must prove that there was an

17   inadequacy in the prison's legal access program that caused him an actual injury.  See

18   Lewis, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the

19   inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

20   concerning his conviction or conditions of confinement.  See id. at 354-55.  Here, plaintiff

21   makes no further allegation regarding Burke or the referenced habeas case; plaintiff does

22   not explain what "R&R" is, what claims he was pursuing, or what "legal matters" Burke

23   was supposed to "contact R&R" about filing.  (Amended Complaint at III-3.)  As such,

24   the amended complaint fails to allege how Burke's actions might have caused any

25

26         [3]Plaintiff only asserts that "the CDC" was responsible for these two alleged failures to
27   accommodate his medical needs.  The CDC is not named as a defendant, however, and even if it
     were, it would be immune from relief under the Eleventh Amendment.  Bennett v. California,
28   406 F.2d 36, 39 (9th Cir. 1969).  The court further notes that plaintiff is currently in the
     California Medical Facility, the hospital in California's prison system.

Order of Dismissal
P:\pro-se\sj.rmw\cr.04\Parks206dis.wpd          4

1   hindrance to plaintiff's efforts to pursue a non-frivolous claim in the courts.

2   Consequently, the amended complaint has the same deficiencies as the original complaint,

3   namely it does not contain allegations from which it can be inferred that any defendant

4   proximately caused plaintiff to suffer an actual injury from being denied access to the

5   courts.

6           Lastly, plaintiff makes brief references to the First, Sixth, Eleventh and Fourteenth

7   Amendments, but again he does not allege how any of the defendants were involved in

8   any violation of his rights under these amendments.  (Id. at III-2 - III4.)  Plaintiff's

9   allegations regarding such claims are also, as in the original complaint, conclusory and do

10  not specify when, where and by whom the violations occurred.

11          When plaintiff was granted leave to amend, he was cautioned and instructed as

12  follows about how to cure the deficiencies in the complaint:

13              He should describe in his amended complaint what actions each
        defendant took that caused him harm, and how he was harmed by each
14      individual defendant.  Plaintiff must be careful to allege facts showing the
        basis for liability for each individual defendant.  He should not refer to the
15      defendants as a group, i.e., "the defendants;" rather, he should identify each
        involved defendant by name and link each of them to a specific claim by
16      explaining what each defendant did or failed to do that caused a violation of
        his constitutional rights.
17              Plaintiff is cautioned that there is no respondeat superior liability
        under section 1983, i.e. no liability under the theory that one is responsible
18      for the actions or omissions of an employee.  Liability under Section 1983
        arises only upon a showing of personal participation by the defendant.
19      Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be
        liable under section 1983 upon a showing of (1) personal involvement in the
20      constitutional deprivation or (2) a sufficient causal connection between the
        supervisor's wrongful conduct and the constitutional violation.  Redman v.
21      County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)
        (citation omitted).  Plaintiff must set forth specific allegations as to each
22      defendant demonstrating how they were involved in the alleged
        constitutional violations.

23  (Order of Dismissal With Leave To Amend October 31, 2005, at 4-5.)  As plaintiff has

24  failed to heed the court's instructions to set forth allegations from which it can be inferred

25  that any of the defendants proximately caused the violation of his rights, the amended

26  complaint does not cure the deficiencies in the original complaint and fails to state a

27

28

1  cognizable claim for relief under 42 U.S.C. § 1983.[4]

2  **CONCLUSION**

3      Plaintiff's amended complaint is hereby DISMISSED for failure to state a

4  cognizable claim for relief.  The clerk shall terminate any pending motions and close the

5  file.

6      IT IS SO ORDERED.

7  DATED: ___7/1/08_____

8                      RONALD M. WHYTE
                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [4]As plaintiff did not cure the deficiencies identified by the court when granted leave to amend the original complaint, the court finds that granting him further leave to amend would be

28  futile.  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (leave need not be granted where amendment constitutes an exercise in futility).

Order of Dismissal
P:\pro-se\sj.rmw\cr.04\Parks206dis.wpd         6